Per Curiam.

The order appealed from is a “ final order ’ ’ and appealable as of right (Civ. Prac. Act, § 1430; N..Y. City Mun. Ct. Code, § 154, subd. 2).
The question presented is whether the instrument in suit constituted as assignment pro tanto or a sublease. The basic rule is clear that if the original lessee has parted with his entire interest, he has made an assignment. The intention of the parties to effect a lease will prevail, nevertheless, if such construction is a possible one and consonant with established legal principles. In ascertaining the character of the agreement, the court will first consider between what parties the question arises. In the present instance, the question is raised by the original lessee and his lessee or transferee so that, as the Court of Appeals has said, ‘ ‘ the relation of landlord and tenant is created between the parties to the second demise, if they so intended.” The agreement under consideration clearly shows that the intent was to sublet a portion of the premises. In the circumstances the court will treat the transaction as a sublease authorizing the landlord to enforce its obligations against the lessee or transferee (Stewart v. Long Is. R. R. Co., *888 102 N. Y. 601, 608; O’Connell v. Sugar Prods. Co., 114 Mise. 540).
The order appealed from should be modified by denying the motion to dismiss the petition as to the respondent Spencer Enterprises, Inc., and as so modified affirmed, with $10 costs to appellant. Spencer Enterprises, Inc., shall serve and file its answer within five days after service of copy of order to be entered hereon.
Concur — Hoestadter, J. P., Stetjer and Tilzer, JJ.
Order modified, etc.